# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 11-CR-3017-LRR |
| vs. | **ORDER** |
| SHAWN JONES, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is the government's "Motion for Preliminary Determination of Admissibility of Certain Evidence" ("Motion") (docket no. 48).

## II. RELEVANT PROCEDURAL HISTORY

On May 18, 2011, the government filed a one-count Indictment (docket no. 4) against Defendant Shawn Jones. The Indictment charges that, from about 2009 through about April of 2010, Defendant conspired with others to distribute methamphetamine after having previously been convicted of a felony drug offense in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851. On August 24, 2011, the government filed an Information (docket no. 29), which notified the court and Defendant of the government's intent to seek enhanced penalties against Defendant on the basis of his prior felony drug conviction in the event Defendant is convicted of the instant offense.

On October 31, 2011, the government filed the Motion. In the Motion, the government seeks a preliminary determination of the admissibility of Defendant's prior felony conviction for conspiracy to distribute marijuana.[1] Defendant has not filed a

---

[1] *United States v. Sean Jones*, 03CR0531-IEG (S.D. Cal. June 29, 2006). A copy of the judgment is filed at docket number 48-2.

resistance, and the time for doing so has expired. *See* Order (docket no. 62). The court finds that the matter is ready for decision.

## III. ANALYSIS

In the Motion, the government argues that Defendant's prior conviction is admissible under Federal Rule of Evidence 404(b) to show Defendant's "knowledge and intent, and also . . . his motive, plan, and/or absence of mistake or accident." Government's Mem. in Supp. of Motion ("Government's Br.") (docket no. 48-1) at 4. The court agrees.

Rule 404(b) provides that evidence of other crimes is not admissible to show a defendant's propensity to commit crime; however, such evidence may be admissible for purposes "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "[Rule 404(b)] is a rule of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination." *United States v. Johnson*, 439 F.3d 947, 952 (8th Cir. 2006). The Eighth Circuit Court of Appeals has adopted a four-factor test to determine the admissibility of Rule 404(b) evidence:

> To be admissible, Rule 404(b) evidence "must (1) be relevant to a material issue raised at trial, (2) be similar in kind and close in time to the crime charged, (3) be supported by sufficient evidence to support a finding by a jury that the defendant committed the other act, and (4) not have a prejudicial value that substantially outweighs its probative value."

*Id*. (quoting *United States v. Kern*, 12 F.3d 122, 124-25 (8th Cir. 1993)). The court will examine each of these factors in turn.

First, it is well-settled in the Eighth Circuit that prior drug convictions "are relevant under Rule 404(b) to show knowledge and intent to commit a current charge of conspiracy to distribute drugs." *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011) (quoting *United States v. Frazier*, 280 F.3d 835, 847 (8th Cir. 2002)) (internal quotation mark omitted); *see also United States v. Hill*, 638 F.3d 589, 592 (8th Cir. 2011) (holding

that evidence of the defendant's prior distribution of cocaine was relevant to the material issues of the defendant's knowledge or intent to distribute drugs); *Johnson*, 439 F.3d at 952 (holding that evidence of defendant's prior drug dealing was "relevant to the material issue [of] whether [the defendant] had the requisite intent to enter into a conspiracy with [another person] to distribute drugs"). Accordingly, the court finds that Defendant's prior conviction is relevant to the material issues of his intent and knowledge.

Next, Defendant's prior conviction is also similar in kind and close in time to the current charged offense. Although his prior conviction was for conspiracy to distribute marijuana, not methamphetamine, it is not necessary for the prior offense and charged offense to involve the same illegal drug. *See United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006). Further, Defendant was convicted of the prior offense in 2006 and the Indictment charges the instant offense began as early as 2009. Thus, the prior conviction is not too remote in time. *See United States v. Shillingstad*, 632 F.3d 1031, 1035 (8th Cir. 2011) (holding that prior bad acts "were sufficiently close in time" when they were committed "within four years of the charged conduct"); *United States v. Crippen*, 627 F.3d 1056, 1064 (8th Cir. 2010) (holding that evidence of seven-year-old conviction was not too remote in time), *cert. denied*, ___ U.S. ___, 131 S. Ct. 2914 (2011); *United States v. Trogdon*, 575 F.3d 762, 766 (8th Cir. 2009) (holding that evidence of eleven-year-old conviction was not too remote in time).

Under the third factor, evidence of the prior bad act must be supported by sufficient evidence. In this case, the government has provided a copy of the judgment. Thus, the court finds that this factor has been satisfied.

Finally, Defendant's prior conviction is not so prejudicial that it outweighs its probative value. While the court does not doubt that Defendant will suffer some prejudice, the court cannot say that such prejudice outweighs the highly probative value of the evidence of Defendant's prior conviction. As the government noted, "[t]he fact that

[D]efendant's prior felony conviction was also for conspiracy to distribute drugs makes [it] strongly probative of issues in this case." Government's Br. at 4-5. The court further notes that any prejudice will be lessened by an appropriate jury instruction. *See United States v. Littlewind*, 595 F.3d 876, 881 (8th Cir. 2010) ("[T]he risk [of unfair prejudice] was adequately reduced by two cautionary instructions from the district court . . . ."); *United States v. Turner*, 583 F.3d 1062, 1066 (8th Cir. 2009) ("[T]he district court's limiting instruction—clarifying that the evidence was admitted only for the purpose of showing knowledge and intent—minimized any prejudicial effect it may have had.").

Thus, each of the four factors has been satisfied, and, accordingly, the court finds that Defendant's prior conviction for conspiracy to distribute marijuana is admissible under Rule 404(b).

### IV. CONCLUSION

In light of the foregoing, the government's "Motion for Preliminary Determination of Admissibility of Certain Evidence" (docket no. 48) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED** this 13th day of December, 2011.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA